**AP**

ASSOCIATED PRESS

200 Liberty Street
New York, NY 10281

ap.org

May 20, 2024

VIA ELECTRONIC DELIVERY

Judge Gray H. Miller
U.S. District Court, Southern District of Texas
515 Rusk Avenue, Room 8110
Houston, TX 77002

Re:     United States v. Luis Carlos de Leon-Perez et al., No. 4:17-cr-00514

Dear Judge Miller,

I am a reporter for The Associated Press (the "AP").

I write respectfully to object to the Government and defense's last-minute filing under seal of the Sentencing Memorandum (Dkt. No. 628 and 632) in the criminal case involving defendant Cesar David Rincon-Godoy and the defense's sentencing memo on behalf of Paulo Casqueiro-Murta (Dkt. 631). The two co-defendants are scheduled to be sentenced tomorrow, May 21, in your courtroom.  Both memos were sealed without the Court's permission, and its sealing runs contrary to the public's right of access to criminal court proceedings.

I have covered this story for more than five years and have published numerous articles describing graft at the highest levels of Venezuela's state-owned oil company, PDVSA, where the defendant worked. There is a significant public interest in the case because the allegations concern serious misconduct involving U.S. companies and individuals contracted by PDVSA, an entity under U.S. sanctions. Yet, to date, there have been no fewer than 80 sealed events recorded in the docket, something that seriously impinges the public's presumed right to information regarding the judicial process in a case with foreign policy implications.

The press and public enjoy qualified First Amendment and common law rights of access to criminal trial proceedings and records.  *See, e.g., Richmond Newspapers* v. *Virginia*, 448 U.S. 555, 571, 65 L. Ed. 2d 973, 100 S. Ct. 2814 (1980). The Fifth Circuit has determined that the First Amendment right presumption of access to criminal proceedings applies to sentencing hearings.  *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 176 (5th Cir. 2011); *see also United States* v. *Ahsani*, 2023 WL 4994302 (5th Cir. Aug. 4, 2023) (noting "the right of access to sentencing proceedings is 'especially salient' where—as here—there was no trial but only a guilty plea").

The right of public access includes sentencing memoranda.  Indeed, courts "consistently hold that sentencing memoranda should not be kept under seal," and evaluate the public's right to access those documents by applying First Amendment standards.  *United States v. Taylor*, No. 5:07-cr-00123, 2008 WL 161900, at *1 (S.D.W. Va. Jan. 15, 2008) (holding First Amendment right of access applied to sentencing memoranda, and noting that sentencing memoranda "do

not contain the type of information that typically outweighs the public's right of access"); *see also United States v. Dare*, 568 F.Supp.2d 242, 244 (N.D.N.Y. 2008) ("It is well-recognized that the public has a strong right to sentencing memoranda under the First Amendment.").

The right of public access may be overcome "only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Hearst,* 641 F.3d at 181 (*Press–Enterprise* v. *Superior Ct.,* 464 U.S. 501, 510 (1984)). Before sealing, courts must "articulate [the overriding interest] along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.*

Respectfully, the Government and the defense's last-minute filing of the sealed sentencing memorandum on May 20 and May 19 respectively fails to satisfy these demanding standards.

I understand narrow redaction of sentencing materials may be appropriate under certain limited circumstances to protect the safety of cooperating defendants or the integrity of an ongoing criminal investigation, but there is no indication in the record that those issues are present or that, if present, they rise to a level that warrants overriding the lofty rights of public access.

Because the Court has not entered an order sealing the Documents, and because nothing in the record supports sealing in this instance, I respectfully urge the Court to order the Documents unsealed.

Thank you for your consideration of this matter.

Sincerely,

*[signature]*

Joshua Goodman
Tel: 786-643-1883
jgoodman@ap.org

CC: anna_archer@txs.uscourts.gov
fschwartz@swlawyers.law
yoss@swlawyers.law
samy@khalil.law
josh@joshschafferlaw.com
joshua@klfirm.law
drew.bradylyons@usdoj.gov
jeremy.sanders@usdoj.gov
robert.s.johnson@usdoj.gov
sarah.edwards@usdoj.gov
sonali.patel2@usdoj.gov