UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| vs. § | Case No. H-17-514-S |
| § | |
| § | |
| NERVIS G. VILLALOBOS-CÁRDENAS, § | |
| ALEJANDRO ISTÚRIZ-CHIESA, § | |
| RAFAEL E. REITER-MUÑOZ, § | |
| JAVIER ALVARADO-OCHOA, § | |
| DAISY T. RAFOI-BLEULER & § | |
| PAULO J.D.C. CASQUEIRO-MURTA. § | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

On April 30, 2024, Defendant Javier Alvarado Ochoa ("Alvarado") submitted his Motion for Reconsideration of Judge Hoyt's October 10, 2023 Order denying his Motion to Dismiss. In his Motion for Reconsideration, Alvarado requested, in the alternative, the Certification of Interlocutory Appeal to the Fifth Circuit.

The original Motion to Dismiss demonstrated that, as a matter of law, no federal criminal statute allowed the Government to charge Alvarado extraterritorially as a *foreign public official* not physically present in the United States during the perpetration of the alleged scheme. Judge Hoyt nonetheless denied the motion. He misread the Fifth Circuit's decision involving a co-defendant to be dispositive.[1] But that co-defendant, Paulo Jorge Da Costa Casqueiro Murta, (a)

---

[1] *See United States v. Rafoi*, 59 F.4th 718 (5th Cir.), *reh'g granted, opinion withdrawn sub nom. United States v. Bleuler*, 60 F.4th 1007 (5th Cir. 2023), and *on reh'g,* 60 F.4th 982 (5th Cir. 2023). Alvarado and the District Court's opinion on Alvarado's Motion to Dismiss cited this case as *United States v. Rafoi*, Cause Nos. 21-20658 and 22-20377, consolidated (February 28, 2023). In this notice, consistent with the Fifth Circuit's citation, Alvarado refers to the case as *Bleuler*.

Case 4:17-cr-00514   Document 679   Filed on 03/05/25 in TXSD   Page 2 of 4

was not a "foreign official", and (b) was instead an "agent" of a "person" (and a U.S. entity) within the scope of the very precise definitions set out in the FCPA. 15 U.S.C. §§ 78dd, *et. seq*

It turned out the distinctions were consequential.

Approximately two months after Judge Hoyt denied Alvarado's initial Motion to Dismiss, Congress changed the law. That change filled the hole that Alvarado had identified. The change cannot be read to operate retroactively. *Beazell v. Ohio*, 269 U.S. 167, 169–70 (1925) ("It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done…, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*.").

The new law was the Foreign Extortion Prevention Act of 2023 (the "FEPA") Pub. L. No. 118-31, div. E, Title LI, Section 5101, Dec. 22, 2023, 137 Stat. 931, which confirmed the FCPA did not and does not cover receipt of bribes by "foreign officials." Whereas the FCPA had always prohibited *Americans* from *offering* bribes, Congress in the FEPA, and for the first time, criminalized the *receipt or solicitation* of bribes by *foreign officials*. As explained at length in the Motion for Reconsideration, basic principles of statutory construction confirm Alvarado's initial argument:

- The FCPA criminalizes the act of *giving* bribes to foreign officials by U.S. persons and entities, but it does not contain a corresponding prohibition on the *receipt* of bribes by foreign officials such as Alvarado. If the Government had, all along, been able to end-run this limitation and prosecute foreign officials in Alvarado's position by alleging money laundering, conspiracy, or aiding and abetting, then Congress would have had no need to pass a new law criminalizing a foreign official's solicitation or receipt of a bribe.

2

- But Congress did pass just such a new law. And by enacting the FEPA, Congress has now addressed the "demand side" and explicitly criminalized the receipt of bribes by foreign officials across the board, not only those in the U.S. during commission of the offense.

- This confirms that, before enactment of FEPA, Congress' omission of such a prohibition in the FCPA was *intentional*—Congress did not intend for foreign officials to be prosecuted for accepting bribes under the FCPA except in one limited circumstance.

- In the context of a single statute, as opposed to two, "when Congress includes particular language in one section of a statute but omits it in another section of the same Act, *it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion*." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452 (2002) (internal quotation marks omitted). *See also Exela Enter. Sols., Inc. v. Nat'l Lab. Rels. Bd.*, 32 F.4th 436, 442 (5th Cir. 2022) (citing *Barnhart* and concluding "Congress knew how to [exempt an official from protection]. And Congress chose not to do so"); *VanDerStok v. Garland*, 86 F.4th 179, 189 (5th Cir. 2023), *cert. granted,* 144 S. Ct. 1390 (2024) (holding "we presume the exclusion of [a phrase] . . . to be purposeful, such that ATF cannot add such language where Congress did not intend it to exist").

In short, while in 15 U.S.C. § 78dd-3(a)(1) of the FCPA, Congress prohibited "any person" from offering bribes to "any foreign official" for various enumerated purposes, Congress purposely omitted prohibitions on "foreign officials" receiving bribes. And because, in the instant case, the Government precisely charged Alvarado, a foreign official, *under the FCPA*, with having demanded a bribe, the Government's charge fell right into the chasm Congress saw and filled with the FEPA. But that's of no help to the Government now, and it's one of multiple reasons Alvarado's Motion to Reconsider should be granted.

Respectfully submitted,

GREGOR | WYNNE | ARNEY, PLLC

By: */s/ Michael J. Wynne*
Michael J. Wynne
Texas Bar No. 00785289
Cameron Powell*
DC Bar No. 00459020
4265 San Felipe, Suite 700
Houston, TX 77027
Telephone: (281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com

**Admitted Pro Hac Vice*

**COUNSEL FOR JAVIER ALVARADO OCHOA**

## CERTIFICATE OF SERVICE

I certify that on this 5th day of March 2025, I served a true and correct copy of the foregoing on all counsel of record by notice of electronic filing.

By: */s/ Michael J. Wynne*
Michael J. Wynne

4